UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SEAN DEDRIC RODEN #222315,

    Plaintiff,

v.                                                  Case No. 2:17-cv-9

                                                        HON. GORDON J. QUIST

ROBERT HANSEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Sean Dedric Roden pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Property Room Officer Robert Hansen searched Plaintiff's cell on September 26, 2016. When Plaintiff returned from the library, he discovered his personal property scattered all over the floor. Plaintiff also discovered that the following items were missing: 1 KTV color television, 1 Brother ML-500 word processor/ typewriter, 1 Rogue Guitar, 1 Norelco Electric Razor, 1 Digital wrist watch, 16 metered envelopes, and 2 typewriter ribbons and printwheels.

        On October 10, 2016, Plaintiff spoke to Counselor Butler about Defendant Hansen's actions. Counselor Butler investigated the matter, which Plaintiff believes prompted Defendant Hansen to write a Class II misconduct ticket for contraband found in Plaintiff's cell. Plaintiff was found guilty after a hearing regarding the destruction or misuse of property. Plaintiff's television and typewriter had been altered. Plaintiff's guitar was returned to him after

the hearing investigator learned that a property officer had removed a string. Plaintiff was sanctioned with 2-days Toplock.

Plaintiff alleges that he had not received a hearing prior to the filing of his complaint on the Notice of Intent written by Defendant Hansen concerning his wrist watch, electric razor, and 16 metered envelopes. An administrative hearing was held concerning these items on December 14, 2016, because a misconduct violation was not pursued. The hearing officer determined that the watch and shaver were "obviously sanded and altered," and were to be "destroyed according to policy." The envelopes did not comply with policy requiring that Plaintiff's name and number be on them. The envelopes were placed in the prisoner benefit fund.

Defendant Hansen filed a motion for summary judgment (ECF No. 45). Plaintiff filed a response (ECF No. 47) and Defendant filed a reply. (ECF No. 48). Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*,

2

31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant argues that Plaintiff cannot establish a retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant argues that Plaintiff cannot establish that adverse action was taken by the cell search, the confiscation of his contraband property, or by the two-day Toplock sanction for the Class II misconduct violation. Plaintiff argues that the cell search was adverse because it was "done to strike fear to deprive plaintiff of all valuables." Plaintiff asserts that the taking of all his valuable possessions was an adverse act. Plaintiff concedes that a two-day Toplock sanction

3

is not adverse, but claims that the threat of a greater sanction at the time he received the misconduct ticket was adverse action.

The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable of deterring a person of ordinary firmness*"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). Some actions are so de minimis that they cannot rise to the level of adverse. *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) citing *Thaddeus-X* at 396. The intent is "to weed out truly inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Thaddeus-X* at 398. All but truly inconsequential adverse actions must be resolved at trial. *Maben* at 266.

In *Maben* (6th Cir. 2018), the Sixth Circuit set forth several examples of what may constitute an adverse action.

> When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment Maben could have faced and the punishment he ultimately did face. *See Scott v. Churchill,* 377 F.3d 782 789 (6th Cir. 2004). ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."); *Brown v. Crowley,* 312 F.3d 782, 789 (6th Cir. 2002) (looking to what the prisoner "could have been sentenced to . . . if he had been found guilty"). The sanctions that Maben faced for a Class II misconduct included" "[t]oplock (confinement to quarters), not to exceed five days . . . ."; loss of privileges for up to 30 days; assignment of extra duty; and restitution and/or disgorgement. (citation omitted). The actual punishment resulting from Maben's misconduct hearing was loss or privileges for seven days. These privileges included the rights to access exercise facilities, to attend group meetings (including Bible class), to use the telephone, to have visitors, to access the general library, and to access the activity room.

4

> In *Hill v. Lapin*, this Court found that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse." 630 F.3d 468, 474 (6th Cir. 2010). In *Noble v. Schmitt*, this Court denied qualified immunity where the conduct at issue was that "Defendants restricted his privileges after he filed a considerable number of grievances against them." 87 F.3d 157, 162 (6th Cir. 1996). In *Harbin–Bey v. Rutter*, when concluding that the prisoner suffered no adverse action, the Court noted that the prisoner "did not lose any privileges as a result of the [Notice of Intent to Conduct an Administrative Hearing]." 420 F.3d 571, 579 (6th Cir. 2005).
>
> In other cases, we have found sufficiently adverse punishments that were "at least as severe as" the one imposed here, including confiscating legal papers and other property, *Bell*, 308 F.3d at 604, subjecting the prisoner to retaliatory cell searches, *id.*, and damaging a prisoner's typewriter, *LaFountain v. Harry*, 716 F.3d 944, 948–49 (6th Cir. 2013); *see also Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) ("[E]ven though his Class I misconduct was reduced to a Class II misconduct at his hearing, Watson lost his radio as a result and the Class II misconduct became part of his prison record. This is substantially more than a *de minimis* consequence for someone confined in a prison cell."); *Barr v. Diguglielmo*, 348 Fed.Appx. 769, 774 (3d Cir. 2009) (finding an adverse action where a prisoner "was prohibited from participating in *any* prison activities (including religious activities ...)"); *Reynolds v. Green*, 25 Fed.Appx. 256, 261 (6th Cir. 2001) (finding an adverse action where a prisoner was transferred from a facility where he could "come and go with permission," to a facility where he could not); *Hall v. Sutton*, 755 F.2d 786, 787–88 (11th Cir. 1985) (holding that an inmate stated a First Amendment retaliation claim based upon the confiscation of his tennis shoes). *But see Ingram v. Jewell*, 94 Fed. Appx. 271, 273 (6th Cir. 2004) (finding that a loss of fourteen days of privileges did not constitute adverse action).

*Id*. at 266-267.    In the opinion of the undersigned, Plaintiff has alleged more than *de minimis* inconsequential actions.  Plaintiff asserts that the search of his cell resulted in the confiscation of all his valuable possessions, and that he was issued a misconduct ticket that exposed him to sanctions which, if imposed, would have been more than *de minimis*.

5

Defendant recognizes that *Maben* rejected the checkmate doctrine, which required dismissal of a prisoner's false misconduct ticket claim after a hearing officer makes a guilty finding on the merits. Nevertheless, Defendant argues that Plaintiff cannot satisfy the causation requirement necessary to support his retaliation claim. Defendant states that he searched Plaintiff's cell on September 26, 2016, after the grievance coordinator at Plaintiff's previous prison requested information regarding Plaintiff's guitar and typewriter. (affidavit of Defendant Hansen at 2, ECF No. 46-4, PageID.216). Defendant confiscated a guitar with a string missing, a typewriter missing two screws, a television with altered wiring, three print wheels, and two ribbons. Guitar strings are used in the prison as tattoo needles or weapons and internal parts of a typewriter have been used to make weapons such as shanks or knives. (PageID.217). Envelopes without any identifying information on them regarding the prisoner that purchased them, an altered wrist watch, and an altered electric razor were also confiscated. (PageID.218).

Defendant wrote two misconduct tickets on October 10, 2016, as a result of the contraband property that he found in Plaintiff's cell. Plaintiff was found guilty of destruction or misuse of property after a hearing on October 14, 2016. Plaintiff's guitar was returned after it was determined that he did not remove the string. The hearing officer concluded that:

> Contact was made with KCF regarding grievance KCF 16-07-911-19E. The property officer indicates the guitar arrived with a broken string and he removed it. The typ[e]writer was in good wo[r]king order. Officer's report is clear, concise, and deemed credible. I find the officer did discover from a shakedown the prisoner to be in possession of a TV and typewriter that have been altered. Direct observation of TV has additional wiring from the circuit board to the audio jack and typew[r]iter is missing screws that hold the casing together. Both items are altered and deemed contraband. Prisoner is found guilty to the charge of Destruction or Misuse of Property. TV to be disposed of per PD 04.07.112, typewriter to be disposed of per

6

>PD 04.07.112 only after grievance process is exhausted, and guitar will be returned to prisoner Roden.

(Class II and III Misconduct Hearing Report, ECF No. 101, PageID.24).

An administrative hearing was held on December 14, 2016, instead of a misconduct hearing, regarding the confiscated envelopes, wrist watch, and shaver. The wrist watch and shaver had been "obviously sanded and altered" and were ordered destroyed. The envelopes violated policy because they did not have a prisoner name and number written on them. The envelopes were placed in the prisoner benefit fund. (Administrative Hearing Report, ECF No. 46-4, ECF No. 280). In the opinion of the undersigned, Plaintiff cannot establish that Defendant retaliated against him. The search of his cell was conducted after a grievance coordinator from Plaintiff's previous prison requested information about Plaintiff's guitar and typewriter. There exists no causal evidence that the search was conducted for any other purpose. Moreover, it is undisputed that each property item confiscated violated a prison rule. In the opinion of the undersigned, Plaintiff cannot overcome Defendant's motion for summary judgment.

Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 45) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

        NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley  
        TIMOTHY P. GREELEY  
        UNITED STATES MAGISTRATE JUDGE

Dated:   October 15, 2018