UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SEAN DEDRIC RODEN #222315,

    Plaintiff,

v.                                                  Case No. 2:17-CV-9

ROBERT HANSEN,                        HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER REJECTING THE REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Sean Dedric Roden, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his First Amendment rights by confiscating his property, issuing false misconduct tickets, and threatening his safety in retaliation for his grievance activity. Defendant moved for summary judgment. (ECF No. 45.) Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that the Court grant Defendant's motion for summary judgment and dismiss the case in its entirety. (ECF No. 54.)

Plaintiff has filed objections to the R & R. (ECF No. 57.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be rejected and that Defendant's motion for summary judgment should be denied.

**I. Background**

Plaintiff alleges the following facts:

On August 5, 2018, Plaintiff filed a grievance against the property room staff regarding missing property and property that was opened outside of Plaintiff's presence. On August 8, 2016, the grievance coordinator instructed Plaintiff to file a new grievance and separately request a claim form to be reimbursed for any missing property. On August 15, 2016, the grievance coordinator rejected Plaintiff's new grievance as untimely. Plaintiff appealed his grievance through Step III. On September 26, 2016, Plaintiff's Step III appeal was received by MDOC Internal Affairs for investigation.

On September 26, Defendant, a property room officer, searched Plaintiff's cell and confiscated a television, a typewriter, a guitar, a wristwatch, an electric razor, 16 metered envelopes, and two typewriter ribbons and printwheels. Defendant scattered the remainder of Plaintiff's property over the cell floor. On October 1, 2016, Defendant passed Plaintiff in the hallway when Plaintiff was returning from healthcare, and Defendant stated, "Write another grievance, and you'll lose more than a typewriter, you'll lose your fuckin' life." On October 10, 2016, Defendant wrote Plaintiff two misconduct tickets for alleged contraband found in Plaintiff's cell during the September 26, 2016, search. After a hearing, Plaintiff was found guilty of a Class II misconduct of destruction or misuse of property based on the finding that Plaintiff's television and typewriter had been altered. Plaintiff's guitar was returned to him after the hearing investigator

learned that a property officer had removed a string. Plaintiff was sanctioned with two days in Toplock.

## II. Plaintiff's Retaliation Claim

To prevail on a First Amendment retaliation claim, Plaintiff must establish that (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). But at the summary judgment stage, Plaintiff needs to show only that there is a genuine issue of material fact, and any direct evidence offered by Plaintiff in response to a summary judgment motion must be accepted as true. Fed. R. Civ. P. 56(c); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). In this Court's opinion, there are two reasons that summary judgment is inappropriate.

First, Defendant's alleged threat to Plaintiff is sufficient to establish retaliation when Plaintiff's evidence is accepted as true. "[W]hile certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Thaddeus-X*, 175 F.3d at 398. Stated differently, "a mere threat is actionable if it otherwise meets the standard that it would deter a person of ordinary firmness from engaging in a protected activity." *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009). Here, Plaintiff submitted a notarized affidavit in response to Defendant's motion for summary judgment. In his affidavit, Plaintiff testified that Defendant had threatened his life for writing grievances ("Write another grievance, and you'll lose more than a typewriter, you'll lose your fuckin' life"). (ECF No. 47-8 at PageID.352.) In this Court's opinion,

3

when accepting Plaintiff's evidence as true, Defendant's threat would deter a person of ordinary firmness from continuing to engage in the protected activity of writing grievances.

Second, the confiscation of Plaintiff's property and the writing of the two misconduct tickets are enough to constitute retaliation when accepting Plaintiff's evidence as true. The Court agrees with the magistrate judge's findings that Plaintiff was engaged in protected activity while writing grievances and that an adverse action was taken against Plaintiff that was more than de minimis. However, the Court disagrees with the magistrate judge's conclusions that there was no causal evidence to support that the search was done for a retaliatory purpose and that it is undisputed that each property item confiscated violated a prison rule.

Plaintiff has offered enough evidence of a causal connection between the protected conduct and the adverse actions to survive summary judgment. Plaintiff's grievances were specifically aimed at property room staff, and Defendant worked in the property room. The search of Plaintiff's cell was done by Defendant, a property room officer, instead of an officer in Plaintiff's unit, which was customary. While Defendant offers an alternative explanation—that he searched Plaintiff's cell in response to a call from an officer from Plaintiff's previous MDOC facility—Plaintiff has offered enough "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986).

There also exists a dispute over whether the property confiscated violated prison rules. The Court recognizes that the hearing officer at Plaintiff's Class II misconduct hearing found Plaintiff guilty of destruction or misuse of property because the property had been altered in violation of prison policy. However, a hearing officer's findings at a *minor* misconduct hearing—a Class II or Class III misconduct hearing—are not conclusive. As the magistrate judge correctly noted, in *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018), the Sixth Circuit explicitly rejected the checkmate

4

doctrine, which required dismissal of a prisoner's false misconduct ticket claim after a hearing officer made a guilty finding on the merits. Here, Plaintiff stated in his affidavit that without further investigation the hearing officer accepted Defendant's testimony that the property was altered (ECF No. 47-8 at PageID.352), which is supported by the Class II and III Misconduct Hearing Report. (ECF No. 1-1 at PageID.24.) Plaintiff maintains that the television and the watch were not altered and that the guitar and the typewriter were part of an ongoing investigation because Plaintiff claimed that his previous facility broke those items. (ECF No. 47-8 at PageID.352.) The Court has to accept Plaintiff's direct evidence as true at the summary judgment stage, and Plaintiff disputes that his property violated prison rules. Consequently, there still exists a genuine issue of material fact, and summary judgment is inappropriate.

### III. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the October 15, 2018, Report and Recommendation (ECF No. 54) is **rejected**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 45) is **denied**.


Dated: February 28, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE